**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **LAW PROJECT FOR PSYCHIATRIC RIGHTS, ex rel. United States of America; DANIEL I. GRIFFIN, ex rel. United States of America**, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> **OSAMU H. MATSUTANI, MD; WILLIAM HOGAN, individually and as Commissioner of the Department of Health and Social Services; TAMMY SANDOVAL, individually and as Director of the Alaska Office of Children's Services; STEVE MCCOMB, individually and as Director of the Alaska Division of Juvenile Justice; WILLIAM STREUR, individually and as Director of the Alaska Division of Health Care Services; JUNEAU YOUTH SERVICES, INC., an Alaskan non-profit corporation; PROVIDENCE HEALTH & SERVICES, an Alaskan non-profit corporation; ELIZABETH BAISI, MD; JAN KIELE, MD; LINA JUDITH BAUTISTA, MD; RUTH** | No. 10-35887 <br><br> D.C. Nos.   3:09-cv-00080-TMB <br>            3:09-cv-00246-TMB <br><br> **MEMORANDUM**[*] |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**DUKOFF, MD; KERRY OZER, MD; CLAUDIA PHILLIPS, MD; SAFEWAY, INC.; FRED MEYER STORES, INC.; SOUTHCENTRAL FOUNDATION, an Alaskan non-profit corporation; SHEILA CLARK, MD; LUCY CURTIS; BARTLETT REGIONAL HOSPITAL, an agency of the City and Borough of Juneau, Alaska; HEIDI F. LOPEZ-COONJOHN, MD; ROBERT D. SCHULTS, MD; MARK H. STAUFFER, MD; RONALD A. MARTINO, MD; IRVIN ROTHROCK, MD; FAIRBANKS PSYCHIATRIC AND NEUROLOGIC CLINIC, PC; ALTERNATIVES COMMUNITY MENTAL HEALTH SERVICES, DBA Denali Family Services; ANCHORAGE COMMUNITY MENTAL HEALTH SERVICES, an Alaskan non-profit corporation; PENINSULA COMMUNITY HEALTH SERVICES OF ALASKA, INC.; THOMSON REUTERS (HEALTHCARE) INC.; WAL-MART STORES, INC.; FRONTLINE HOSPITAL, LLC, DBA North Star Hospital; FAMILY CENTERED SERVICES OF ALASKA, INC., an Alaska corporation**,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted October 12, 2011
Seattle, Washington

Before:      **KOZINSKI**, Chief Judge, **BEEZER** and **PAEZ**, Circuit Judges.

**1.**  "[T]he public disclosure originated in . . . sources enumerated in the" False Claims Act, 31 U.S.C. § 3730(e)(4)(A).  A-1 Ambulance Serv., Inc. v. California, 202 F.3d 1238, 1243 (9th Cir. 2000).  In light of our case law's broad construction of "investigation" in this statute, see Seal 1 v. Seal A, 255 F.3d 1154, 1161 (9th Cir. 2001), the Utah Attorney General's correspondence qualifies as an enumerated source.

**2.**  Relators' suit is "'based upon' . . . prior public disclosure."  United States ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1199 (9th Cir. 2009).  "[T]he evidence and information in the possession of the United States at the time the False Claims Act suit was brought was sufficient to enable it adequately to investigate the case and to make a decision whether to prosecute."  United States ex rel. Found. Aiding the Elderly v. Horizon West Inc., 265 F.3d 1011, 1016 (9th Cir. 2001) (internal quotation marks omitted).  The Medicaid records relators obtained from their Alaskan FOIA requests already were required by statute to be supplied to the federal government.  See Centers for Medicare & Medicaid Services, Medicaid Statistical Information Statistics (MSIS): Overview (July 21,

2011, 12:56:22 PM), http://www.cms.gov/MSIS/01_Overview.asp.  Unlike in United States ex rel. Aflatooni v. Kitsap Physician Services, 163 F.3d 516, 523 (9th Cir. 1999), this suit doesn't involve "separate allegations of fraud against two distinct groups of defendants," so the public disclosure bar applies here to all defendants.  And, unlike in United States ex rel. Baltazar v. Warden, 635 F.3d 866, 869 (7th Cir. 2011), relators here haven't provided "vital facts that were not in the public domain."

**3.**  Relators' suit concerns ongoing conduct, not specific and discrete time periods as in United States ex rel. Bly-Magee v. Premo, 470 F.3d 914 (9th Cir. 2006).  The public disclosure bar thus applies here to all claims at issue, including those made after the relevant disclosures.

**AFFIRMED.**